IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

LaROSS L. BAXTER,                        )
                                         )
                    Plaintiff,           )
                                         )
vs.                                      )        Case No. 07-5011-CV-SW-ODS
                                         )
MICHAEL J. ASTRUE,[1]                    )
Commissioner of Social Security,         )
                                         )
                    Defendant.           )

ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING
DISABILITY AND SUPPLEMENTAL SECURITY INCOME BENEFITS
AND REMANDING FOR FURTHER PROCEEDINGS

        Pending is Plaintiff's request for review of the Commissioner's final decision
denying her application for benefits under Title II and Title XVI of the Social Security
Act.  For the following reasons, the Commissioner's final decision is reversed and the
case is remanded for further proceedings pursuant to Sentence Four of 42 U.S.C. §
405(g).

        Plaintiff filed his application for benefits in February 2001.  On May 24, 2001, the
state agency referred him to Dr. Chi-Hsi Lin for a consultative examination.  In addition
to Dr. Lin's report (which appears at pages 162-67 of the Record), the ALJ had reports
from Dr. Bert Park and Dr. Carl Claxton, both of whom saw Plaintiff on one occasion
each in the Fall of 2000.  R. at 152-55, 159-60.  Finally, the ALJ had a report of a one-
hour visit to an osteopath, Dr. Jennie Gorham, that took place in July 2002.  R. at 170-
72.  Based on these reports, the testimony offered at the hearing and the other
evidence in the Record, on November 26, 2002, the ALJ determined Plaintiff could not
perform his past relevant work but retained the "capacity for the full range of sedentary
work . . . . diminished by significant non-exertional limitations. . . . . Although the

_____

        [1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social
Security and should, therefore, be substituted as the Defendant in this case.  Fed. R.
Civ. P. 25(d)(1).

claimant is unable to perform the full range of sedentary work, he is capable of making an adjustment to work which exists in significant numbers in the national economy." The ALJ then determined Plaintiff could perform the jobs identified by the Vocational Expert during the hearing. R. at 240.

The Appeals Council remanded the case because the jobs the ALJ identified were either (1) light or medium work, not sedentary, or (2) beyond Plaintiff's skill level as found by the ALJ. R. at 246-48. On remand, the ALJ was instructed to "take appropriate action to resolve" these issues, including if deemed appropriate "obtain[ing] updated medical records from the claimant's treating and other medical sources, including clinical findings, test results, and medical source statements about what the claimant can do despite the impairment(s)." R. at 247. However, consistent with the reason for the remand, the Appeals Council also directed that "[t]he Administrative Law Judge will obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base. . . . The Administrative Law Judge will ask the vocational expert to identify appropriate jobs and to state the incidence of such jobs in the national economy. Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and the information in" the Dictionary of Occupational Titles. R. at 247-48.

Meanwhile, in December 2003 Plaintiff filed a subsequent application for benefits. Following the Appeals Council's remand, all of Plaintiff's applications were combined into a single proceeding. In April 2004, Plaintiff was referred to Dr. D.F. Engelking for a consultative examination. R. at 300-09. A hearing was held on July 13, 2004; in addition to the evidence in the Record from the initial proceeding, the ALJ had access to Dr. Engelking's report and some psychological reports prepared by a psychologist (Eva Wilson) in July 2003 and July 2004. R. at 315-23. During the hearing, the ALJ elicited testimony from a medical advisor, Dr. Malcolm Brahms, and a vocational expert. Dr. Brahms had not examined Plaintiff, but he reviewed the medical records included in the Record. R. at 336-40. He testified that he was "in agreement with the neurological examination that he's able to perform light work with some limitations" and that Plaintiff

was not limited in terms of the amount of time he could spend sitting, standing or walking.  R. at 341.  In offering this opinion, Dr. Brahms explained he disagreed with Dr. Engleking's conclusions – which suggested Plaintiff's functional capacity was far more limited – based on Dr. Lin's evaluation, primarily because Dr. Lin was a neurologist and Dr. Engleking was an internist.  R. at 343-44.  The ALJ ultimately concluded Plaintiff was limited in the manner described by Dr. Brahms and found, based on the vocational expert's testimony, that there are jobs in the national economy Plaintiff could perform.

As stated earlier the ALJ initially determined that as of November 26, 2002, Plaintiff could only perform a reduced range of sedentary work.  The case was remanded to determine whether there were any jobs Plaintiff could perform consistent with the limitations found to exist.  This issue was not addressed; instead, the ALJ determined – based on substantially the same evidence – that as of October 27, 2004, Plaintiff could perform a full range of light work.  The ALJ's October 2004 decision is not clear in explaining whether (1) the ALJ found Plaintiff's condition improved in the time between his two decisions or (2) the ALJ was reassessing Plaintiff's functional capacity for the entire period covered by the combined applications.  Regardless of what the ALJ intended, the Court concludes the denial of benefits is not supported by  substantial evidence.

1.      Assuming it was the ALJ's intent to reassess Plaintiff's functional capacity as of November 2002, the outcome is flawed because on remand there was no evidence relating to Plaintiff's condition as of that date that was not already in the Record.  The ALJ examined the Record in November 2002 and determined Plaintiff could perform a reduced range of sedentary work, then examined essentially the same evidence in October 2004 and came to a markedly different conclusion.  Nothing in the present Record justifies this outcome.

2.      The lack of any new evidence of importance also precludes a finding Plaintiff's condition improved.  How could the evidence that persuaded the ALJ Plaintiff was limited to less than the full range of sedentary work in November 2002 also persuade the ALJ Plaintiff could perform a full range of light work in October 2004?  Evidence of an improvement in Plaintiff's condition between the two decisions would explain this

Case 3:07-cv-05011-ODS   Document 15   Filed 10/19/07   Page 3 of 4

discrepancy, but no such evidence was introduced.  The only new evidence came from (1) Dr. Engleking, and his opinions were rejected, and (2) Dr. Brahms, and he relied on Dr. Lin's report from May 2001.

3.      Even if Plaintiff's condition improved between November 2002 and October 2004, the ALJ has not performed the task required by the Appeals Council's remand order; namely, determine whether Plaintiff could have performed work in November 2002.  The ALJ's conclusions about Plaintiff's functional capacity as it existed in November 2002 stand because (at present) there is no reason to change them.  Accordingly, the ALJ still must determine whether Plaintiff's functional capacity in November 2002 allowed him to perform work.

        The Commissioner's final decision is reversed, and the case is remanded for further proceedings consistent with this Order.

IT IS SO ORDERED.


                                                      /s/ Ortrie D. Smith
                                                      ORTRIE D. SMITH, JUDGE
DATE: October 19, 2007                                UNITED STATES DISTRICT COURT

4